Jacob DeGraaff
Attorney at Law
125 NE Dogwood St.
Issaquah, WA 98027
(425) 802-0015

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NATASHA A. KHACHATOURIANS,<br><br>        Plaintiff,<br><br>   vs.<br><br><br>BISHOP, WHITE, MARSHALL & WEIBEL, P.S., PETER R OSTERMAN and JANE DOE OSTERMAN, husband and wife, LAUIE K. FRIEDL and JOHN DOE FRIEDL, wife and husband Defendants. | No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>DEMAND FOR JURY TRIAL |

## I. INTRODUCTION

1.  This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA") and the Washington Consumer Protection Act, RCW 19.86, *et seq.* (hereinafter "WCPA), and for the common law tort of Conversion.

Complaint for Damages - 1

## II. JURISDICTION AND VENUE

2.  Jurisdiction of this court arises under 15 U.S.C. 1692k(d), 28 U.S.C. § 1337, and 28 U.S.C. § 1331.  Supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. § 1367.  Declaratory relief is available pursuant to 28 U.S.C. § 2201 and § 2202.

3.  Venue is proper in this District under 28 U.S.C. § 1391(b) because the Defendants conduct affairs and transact business in this District, a significant portion of the unlawful acts giving rise to this complaint occurred in this District, and the Plaintiff resides within the territorial jurisdiction of the court.

## III.  PARTIES

4.  Plaintiff, Natasha Khachatourians, is a natural person residing in King County, Washington.  Plaintiff Natasha Khachatourians is a "consumer" as defined by the FDCPA, 15. U.S.C. § 1692a(3).

5.  Defendant Bishop, White, Marshall and Weibel, P.S. (hereinafter "BWMW") is a professional service corporation engaged in the practice of law.  Bishop, White, Marshall and Weibel, P.S. is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6.  Defendant Peter Osterman is an attorney employed by Defendant BWMW at all times relevant herein.  All acts done by Defendant Peter Osterman were done on his behalf, on behalf of the Osterman marital community, on behalf of BWMW, and on behalf of BWMW's clients, including Discover Bank.  Defendant Peter Osterman is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

Complaint for Damages - 2

JACOB DEGRAAFF
ATTORNEY AT LAW
125 NE DOGWOOD ST.
ISSAQUAH, WA 98027
(425) 802-0015

7.     Defendant Laurie Friedl is an attorney employed by Defendant BWMW at all times relevant herein.  All acts done by Laurie Friedl were done on her behalf, on behalf of the Friedl marital community, on behalf of BWMW, and on behalf of BWMW's clients, including Discover Bank.  Defendant Laurie Friedl is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

### IV.     FACTUAL ALLEGATIONS

8.     On or about March 18, 2010, a process server working on behalf of Defendant Bishop, White, Marshall & Weibel, P.S.  ("BWMW") served Natasha A. Khachatourians with an unfiled Washington State Superior Court Summons and Complaint - Discover Bank, Issuer of the Discover Card vs. Natasha A. Khachatourians and Doe I, and their marital community.

9.     On May 17, 2010, Plaintiff Natasha A. Khachatourians contacted Defendant BWMW's office via telephone to settle the debt alleged in the complaint.  She learned from her conversation with Defendant BWMW that the complaint had not been filed with the court.  It was her intention to settle this lawsuit through a payment plan and avoid a judgment and public filing of the complaint.  She agreed to $150.00 monthly payments on the account and understood that the complaint would not be filed with the court unless she defaulted on the payment plan.

10.     On May 17, 2010, the same day Plaintiff Natasha A. Khachatourians set up her payment plan, Defendant Laurie K. Friedel, while employed as a debt collection attorney by Defendant BWMW reviewed, signed and dated a Motion and Declaration for Default and Default Judgment against Plaintiff Natasha Khachatourians for pleadings that appear to have been originally prepared in March or April 2010.

Complaint for Damages - 3

JACOB DEGRAAFF
ATTORNEY AT LAW
125 NE DOGWOOD ST.
ISSAQUAH, WA 98027
(425) 802-0015

11.   On or about May 17, 2010, "AT for Susan Clayton," while employed as a debt collector by Defendant BWMW prepared, signed and sent a letter acknowledging the payment plan agreed to with Plaintiff Natasha Khachatourians for the total balance of $5,216.98 owing to Discover Bank, Issuer of the Discover Card ("Discover"), Acct# xxxxxxxxxxxx6138.  The May 17, 2012 letter memorialized Plaintiff Natasha Khachatourians' telephonic conversation with BWMW's office and confirmed their authorization to initiate Direct Payments (ACH Debits) from her depository financial institution at Bank of America in Seattle, WA in the amount of $150.00 a month from May 18, 2010 to May 18, 2011.  The letter stated in part: "Should you terminate this authorization before your account is paid in full, or if there are insufficient funds in the account to pay any debit, we may continue with legal action to collect the full balance owing to DISCOVER BANK, ISSUER OF THE DISCOVER CARD."  Ms. Khachatourians reasonably interpreted this sentence to mean that, by entering the installment agreement with BWMW, all legal action against her would cease.

12.   On or about May 18, 2010, BMWM initiated its first debit from Plaintiff Natasha Khachatourians' Bank of America account in the amount of $150.00.

13.   On June 8, 2010 "AT for Anthony Mungo," while employed as a debt collector for Defendant BWMW prepared, signed and sent a letter acknowledging that BWMW was authorized to take a payment of $150.00 from Plaintiff Natasha Khachatourians' bank account on June 18, 2010, and stated that the current balance on the Discover account was $5,066.98.  Thus the amount of her Discover account reduced exactly $150.00 from May 18, 2010 to June 8, 2010. From this second letter Plaintiff Natasha Khachatourians assumed that her agreement did not

include any interest and $150.00 payments monthly on the account would pay it off in approximately 35 months, assuming she remained current on all payments as scheduled.

14.     Plaintiff Natasha Khachatourians' contends she did not receive any other instructions or correspondence from BWMW regarding the Discover account and assumed that the matter was settled.  In fact, it is Ms. Khachatourians recollection that her first contact with BWMW was on May 17, 2010, when she initiated the phone call to set up a payment plan to settle the debt.

15.     Plaintiff Natasha Khachatourians alleges that the telephone conversation with BMWM's counsel on May 17, 2010, did not discuss a stipulated judgment or any requirement thereof to settle the debt with Discover. It was and remains Ms. Khachatourians' understanding that the May 17, 2010 letter accepting the terms of payment to settle the debt with Discover is the sole document exchanged between the parties.

16.     Meanwhile, Plaintiff Natasha Khachatourians continued to make her monthly $150.00 payments.  On July 8, 2010, "AT for Anthony Mungo," while employed as a debt collector for Defendant BWMW, prepared, signed, and sent a letter acknowledging that BWMW was authorized to take a payment of $150.00 from Plaintiff Natasha Khachatourias' bank account on July 18, 2010.  The letter stated further that the current balance on the Discover account was $5,183.98.  Inexplicably, this amount is greater than the $5,066.98 amount reported in the letter of June 8, 2010 and does not reflect any reduction due from the $150.00 payment she made on June 18, 2010.

17.     On June 21, 2010, with no notice or warning to Plaintiff Natasha Khachatourians, BWMW filed an *Ex-Parte* Motion and Declaration for Default Judgment

Complaint for Damages - 5

Jacob DeGraaff
Attorney at law
125 ne Dogwood St.
Issaquah, WA 98027
(425) 802-0015

against Plaintiff Natasha Khachatourians along with an Affidavit for in Support of that Judgment from Discover, and A Certification Regarding Attorney Fees (hereinafter ("Default Motion Pleadings").

18.    The Default Motion Pleadings did not include any mention of the telephonic contact BWMW had with Plaintiff Natasha Khachatourians, the payment negotiations and automatic debit authorization set up for payments of $150.00 a month on the debt and did not acknowledge that Plaintiff Natasha Khachatourians had already paid $300.00 toward the Discover debt in that payment plan, thus reducing her alleged debt obligation to Discover to $4,916.98 on June 21, 2010 when the Default Motion Pleadings were filed with the court.

19.    In the Default Motion Pleadings, BWMW asserts that Plaintiff Natasha Khachatourians owes $5,137.48 on her Discover account, which is the same amount listed in the Affidavit of Discover filed in Support of the Motion dated March 31, 2010, thus indicating no credit for payments made or deviation from the boilerplate pleadings created in April or March 2010.

20.    In the Default Motion Pleadings, Defendant collection attorney Laurie K. Friedl signed and submitted a Certification Regarding Attorney Fees dated April 26, 2010 for fees based on an undisclosed contingent fee agreement with Discover, requesting $500.00 in fees without any actual time records.

21.    On June 25, 2010, the court entered the default judgment against Plaintiff Natasha Khachatourians for $6,049.98 including court fees and attorney fees and post-judgment interest accruing at 12% per annum.

Complaint for Damages - 6

JACOB DEGRAAFF
ATTORNEY AT LAW
125 NE DOGWOOD ST.
ISSAQUAH, WA 98027
(425) 802-0015

22.     On August 6, 2010, "AT for Anthony Mungo," while employed as a debt collector for Defendant BWMW, prepared, signed, and sent a letter acknowledging that BWMW was authorized to take a payment of $150.00 from Plaintiff Natasha Khachatourians' bank account on August 18, 2010.  The letter further stated that the amount remaining on her Discover account was $5,033.98, reflecting the $150.00 payment Plaintiff Natasha Khachatourians made on July 18, 2010, thus reducing the balance stated in the July 8, 2010 letter of $5,183.98 by exactly $150.00.  No mention of the judgment entered on June 25, 2012 was made in either the July 8, 2010 or August 6, 2010 letter and the amounts do not correspond in any way to the June 25, 2010 judgment.

23.     On September 7, 2010, "AT for Anthony Mungo," while employed as a debt collector for Defendant BWMW, prepared, signed, and sent a letter acknowledging that BWMW was authorized to take a payment of $150.00 from Plaintiff Natasha Khachatourians' bank account on September 18, 2010, and which stated that the current balance on her Discover account was $4,883.98.  This amount reflects the $150.00 payment Plaintiff Natasha Khachatourians made on August 18, 2010 reduces it from the prior balance of $5,183.98, not accounting for any interest accrual.

24.     It is Plaintiff Natasha Khachatourians' recollection that she continued to receive monthly statements from September 2010 until April 11, 2011 and that BWMW continued to withdraw $150.00 a month from her Bank of America account and the letters reflected that the balance being reduced each month without interest.

25.     On April 11, 2011, "SW for Holly Weitz," while employed as a debt collector for Defendant BWMW, prepared and sent a letter acknowledging that BWMW was

Complaint for Damages - 7

JACOB DEGRAAFF
ATTORNEY AT LAW
125 NE DOGWOOD ST.
ISSAQUAH, WA 98027
(425) 802-0015

authorized to take a payment of $150.00 from Plaintiff Natasha Khachatourians' bank account on April 18, 2011.  The letter further stated that the Discover account balance was $3,833.98, reflecting seven months of $150.00 payments from the September 18, 2010 payment.

26.    On June 13, 2011, "SW for Holly Weitz," while employed as a debt collector for Defendant BWMW, prepared and sent a letter acknowledging that BWMW was authorized to take a payment of $150.00 from Plaintiff Natasha Khachatourians' bank account on June 18, 2011.  The letter stated further that the amount remaining on the Discover account was $3,533.98, reflecting two $150.00 payments.

27.    As reflected in the May 17, 2011 letter, payments for automatic debits from Plaintiff Natasha Khachatourians' bank account were not authorized beyond May 18, 2011, yet they continued to be withdrawn without a new authorization until May 2012.

28.    On July 12, 2011, "SW for Holly Weitz," while employed as a debt collector for Defendant BWMW, prepared and sent a letter acknowledging that BWMW was authorized to take a payment in the amount of $150.00 on July 18, 2011.  The letter stated further that the balance remaining on the Discover account was $3,390.98.  This value does not reflect the $150 payment Plaintiff made on June 18, 2011 because it is $7.00 less than what would be expected had the full $150.00 been credited.  There is no notation or explanation for this change in amount.

29.    On August 8, 2011, "#USER_INIT# [sic] for Holly Weitz," prepared and sent a letter acknowledging that BWMW was authorized to take a payment in the amount of $150.00 on August 18, 2011.  The letter stated further that the balance remaining on the

Complaint for Damages - 8

JACOB DEGRAAFF
ATTORNEY AT LAW
125 NE DOGWOOD ST.
ISSAQUAH, WA 98027
(425) 802-0015

Discover account was $3,240.98.  This value reflects the $150.00 amount credited to the balance incorrectly reported on the July 11, 2011, letter.

30.     Plaintiff Natasha Khachatourians learned in a letter dated September 9, 2011 from BMWM that Defendants had entered an Order of Default and Default Judgment against her on June 25, 2010 in the amount of $6,049.98.  On the same day she also received a second letter from BMWM stating that she owed a balance of $3090.98.

31.     On October 10, 2011, "SW for Holly Weitz," prepared and sent a letter acknowledging that BWMW was authorized to take a payment in the amount of $150.00 on August 18, 2011.  The letter stated further that the balance remaining on the Discover account was $4,137.07.  This amount increased Plaintiff Natasha Khachatourians' alleged balance by $1,038.09 with no explanation even though it also acknowledged a $150.00 September, 2011 payment.

32.      In a letter dated January 17, 2012, "RP for Holly Weitz," while employed at BWMW as a debt collector, prepared and sent a letter to Plaintiff Natasha Khachatourians, acknowledging that BWMW was authorized to take $150.00 from Ms. Khachatourians' account on January 18, 2012.  The letter stated further that the balance remaining on the Discover account was $3,812.35.

33.     In a letter dated February 9, 2012, "RP for Holly Weitz," while employed at BWMW as a debt collector, prepared and sent a letter to Plaintiff Natasha Khachatourians, acknowledging that BWMW was authorized to take $150.00 from Plaintiff Natasha Khachatourians' account on February 18, 2012.  The letter stated further that the balance remaining on the Discover account was $3,690.10.  Again, this value does not reflect the

Complaint for Damages - 9

JACOB DEGRAAFF
ATTORNEY AT LAW
125 NE DOGWOOD ST.
ISSAQUAH, WA 98027
(425) 802-0015

$150.00 payment Ms. Khachatourians made on January 18, 2012, but rather credits only $122.25 to $3,812.35 reported in the January 12, 2012 letter.

34.     In a letter dated March 8, 2012, "RP for Holly Weitz," while employed at BWMW as a debt collector, prepared and signed a letter acknowledging that BWMW was authorized to take $150.00 from Ms. Khachatourians' account.  The letter stated further that the balance remaining on the Discover account was $3,646.24, which again does not credit the full $150.00 payment Ms. Khachatourians made on February 18, 2012.

35.     Moreover, as of April 13, 2012, Ms. Khachatourians had made twenty-three (23) timely payments of $150.00 totaling $3,450.00 to Plaintiff's' counsel, which should have been applied to the outstanding balance of $5216.98 stated in the agreed payment plan reducing the amount owed to $1,766.98, however, the April 8, 2012 statement reads "Your Account No. 6011009490616138 with a balance of $3,646.24".

36.     On August 8, 2012, Ms. Khachatourians contacted BWMW via telephone and provided authorization for automatic debits from her Bank of America Account to resume.

37.     On same day, in a letter dated August 8, 2012, "SS for Alex Claeys," while employed at BWMW as a debt collector, prepared and signed a letter acknowledging the payment plan agreed to with Plaintiff Natasha Khachatourians for a one time debit of $450 on August 8, 2012 and then monthly payments of $150.00 a month from August 20, 2012 through June 20, 2013, with terms and language identical to the original payment arrangement memorialized in the May 17, 2010 letter.  As of September 7, 2012, Ms. Khatchatourians has made twenty-eight (28) timely payments of $150.00 totaling $4,200.00.

JACOB DEGRAAFF
ATTORNEY AT LAW
125 NE DOGWOOD ST.
ISSAQUAH, WA 98027
(425) 802-0015

38.    The August 8, 2012 letter from paragraph 37 stated that the balance Plaintiff Natasha Khachatourians owed on the Discover account was $3,393.70, plus interest in the amount of $124.96.

39.    On the same day, August 8, 2012, "SS for Alex Claeys," also prepared a second letter acknowledging that BWMW was authorized to take a payment in the amount of $450.00 on August 8, 2012.  The letter stated further that the balance remaining on the Discover account was $3,518.66.

40.    On December 8, 2011, Ms. Khachatourians wrote to BWMW and asked to have the default judgment entered on June 25, 2010 vacated since she had not received notice of the motion for default and had relied on the agreement entered into on May 17, 2010 that payments of $150.00 a month would prevent an entry of judgment and satisfy her debt obligation to Discover.

41.    When continued settlement negotiations with Defendant Peter Osterman, a collection attorney with BWMW regarding the vacation of the default judgment, and the amount owed on the alleged debt, proved futile, Ms. Khachatourians moved for an Order to Show Cause to Vacate the Default Judgment in May 2012.  Unfortunately, the action was set before an ex-parte hearing commissioner who dismissed the action without prejudice to be re-heard before the chief civil judge on a re-set calendar.

42.    Plaintiff's Superior Court counsel intends to re-file the Motion to Vacate the Default Judgment in Superior Court contemporaneously with this lawsuit.

## V. FIRST CLAIM FOR RELIEF

Complaint for Damages - 11

JACOB DEGRAAFF
ATTORNEY AT LAW
125 NE DOGWOOD ST.
ISSAQUAH, WA 98027
(425) 802-0015

43.     Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

44.     All Defendants violated the FDCPA.  Defendants' violations include, but are not limited to the following:

(a)     Oppressive conduct, false and misleading representations, and unfair practices prohibited by 15 U.S.C § 1629d, e, and f, by misstating the amount owed in correspondence to the plaintiff and in representations to the court.

(b)     Oppressive conduct, false and misleading representations, and unfair practices prohibited by 15 U.S.C §  1629d, e, and f, in implying to the plaintiff that no further legal action would be taken if the plaintiff followed the installment payment agreement.

(c)     Oppressive conduct, false and misleading representations, and unfair practices prohibited by 15 U.S.C § 1629d, e, and f, in implying to the plaintiff that the installment payment agreement was an agreement to settlement in full.

(d)     Oppressive conduct, false and misleading representations, and unfair practices prohibited by 15 U.S.C § 1629d, e, and f, in continuing to debit plaintiff's account when its authorization had expired.

45.     As a result of the foregoing violations of the FDCPA, defendants are liable to the plaintiff for declaratory judgment that the defendants' conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

## VI.  SECOND CLAIM FOR RELIEF

46.     Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

Complaint for Damages - 12

JACOB DEGRAAFF
ATTORNEY AT LAW
125 NE DOGWOOD ST.
ISSAQUAH, WA 98027
(425) 802-0015

47.     All Defendants violated RCW 19.16.250 which regulates the activity of collection agencies which includes collection attorneys.

(a)     All Defendnats violated RCW 19.16.250(8)(c) by sending or causing to be sent a numerous notices or letters to Plaintiff Natasha Katchatourians that indicated an attempt to collect a different amount than was state in prior notices to her.  When the amounts changed, their failure to provide an itemization or accounting of the change is a violation.  The itemizations omitted from monthly correspondence included interest charges, service charges, fees, collection costs, attorney fees, and or any other charge.

(b) All Defendants' violated RCW 19.16.250(8)(d) when they sent the September 9, 2012 letter to Plaintiff Natasha Katchatourians indicating a "NOTICE OF JUDGMENT" that correspondence failed to include an itemization of post-judgment interest and the current account balance.

(c) This activity is defined as an unfair act or practice or unfair method of competition in the conduct of trade or commerce for the purpose of the application of the Consumer Protection Act found in chapter 19.86 RCW and is a per se violation of the WCPA.

48.     As a result of the above violations of the WCPA, all the Defendants are liable to the Plaintiff for actual damages, statutory damages, and attorney fees and costs.  Plaintiff is also entitled to treble damages.

## VII.  THIRD CLAIM FOR RELIEF

49.     Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

Complaint for Damages - 13

JACOB DEGRAAFF
ATTORNEY AT LAW
125 NE DOGWOOD ST.
ISSAQUAH, WA 98027
(425) 802-0015

50.     All Defendants are liable for conversion for intentionally depriving the Plaintiff, Natasha Khachatourians, of her personal property, by continuing to debit her account after their authorization had expired.

51.     As a result of all Defendants' tortious actions, the Defendants are liable to the Plaintiff for damages.

## VIII.  FOURTH CLAIM FOR RELIEF

52.     Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

53.     All Defendants are liable for perpetrating a fraud upon the court for failing to inform the court about their communications with Plaintiff Natasha Katchatourians.  They also failed to disclose their payment arrangement with her and the two payments she made prior to entry of the ex parte default judgment.

54.     Defendants knowingly submitted an ex parte order for judgment for a dollar amount greater than the amount actually owed.

55.     As officers of the Court, BMWM and its collection attorneys had a duty under the Washington State Rules of Professional Conduct 3.3(f) to inform the tribunal about all material facts known to the lawyer that could enable the tribunal to make an informed decision, whether or not the facts are adverse.  This duty is heightened in an ex parte proceeding because a lawyer's duty of candor is at its highest when either an opposing counsel or a pro se defendant is not present to disclose contrary facts or deficiencies in a legal argument.

56.     As officers of the Court, BMWM and its collection attorneys had a duty under the Washington State Rules of Professional Conduct 8.4(d) to refrain from engaging in conduct that

Complaint for Damages - 14

is prejudicial to the administration of justice and under 8.4(c) to refrain from engaging in conduct involving dishonesty, fraud, deceit or misrepresentation.

57.     The court should provide whatever relief as it sees as just and equitable to rectify this sanctionable conduct.

## IX.  FOURTH CLAIM FOR RELIEF

58.     Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

59.     All Defendants made representations to the Plaintiff that they would refrain from seeking a default judgment if the Plaintiff agreed to the May 17, 2010 installment agreement.

60.     Plaintiff justifiably acted in reliance on this representation and began making payments.

61.     In spite of their representation, Defendants soon sought and obtained a default judgment.

62.     Plaintiff was damaged in the amount of attorneys fees and costs and post-judgment interest along with the negative affect on her character and credit due to a judgment.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against all the Defendants for the following:

A.  Declaratory judgment that the Defendants' conduct violated the FDCPA, and declaratory and injunctive relief for the Defendants' violations of the WCPA.

B.  Actual damages.

C.  Statutory damages pursuant to 15 U.S.C. § 1692k.

D.  Statutory and treble damages pursuant to RCW 19.86.090.

Complaint for Damages - 15

JACOB DEGRAAFF
ATTORNEY AT LAW
125 NE DOGWOOD ST.
ISSAQUAH, WA 98027
(425) 802-0015

E.  Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k and RCW
19.86.090.

F.  For such other and further relief as may be just and proper.

RESPECTFULLY SUBMITTED this 8th  day of September, 2012:


                                              */s/ Jacob DeGraaff*
                                              Jacob DeGraaff, WSBA #36713
                                              Attorney for Defendant

Complaint for Damages - 16